# GERSTEIN HARROW LLP

The Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Sept. 30, 2026

*Re: Letter-Motion to Stay of Discovery and Adjourn Initial Case Management Conference in* Kim v. Circle Internet Group, Inc., *26-cv-5445*

Dear Judge Garnett,

This is a joint letter-motion filed by the *Kim* plaintiffs and Circle Internet Group, Inc. and Circle Internet Financial, LLC (collectively "Circle") in advance of the case management conference currently scheduled for October 8, 2026. As explained below, the parties have agreed and hereby move to stay discovery. In addition, Plaintiffs request that the October 8 conference be conducted remotely.

This case is related to *Kim v. Democratic People's Republic of Korea*, No. 25-mc-527 (S.D.N.Y.), which involves efforts by victims of Iran and North Korea to execute on their unsatisfied judgments. On November 26, 2025, five individuals with unsatisfied judgments against North Korea served Circle with a restraining notice that they allege required Circle to restrain North Korean property in Circle's possession or custody. Circle Internet Financial LLC issues a stablecoin called USDC. Plaintiffs allege that Circle violated the restraining notice by failing to freeze digital wallet addresses containing North Korean USDC despite having the opportunity to do so. *See* Dkt. 1. Circle has moved to dismiss the Complaint and to vacate the restraining notice, arguing that the restraining notice was invalid *ab initio*, that Circle does not have and never had actual possession of any alleged North Korean USDC, that Circle was not required to freeze the wallet addresses containing the USDC and did not have sufficient opportunity to do so, and that Plaintiffs have not suffered any damages, *see* Dkt. 25.

On Wednesday, September 23, 2026, counsel for Plaintiffs and Defendants met and conferred in preparation for the initial case management conference currently set for October 8, 2026. The parties agree that there is no realistic prospect of settlement currently and that the parties are likely to file motions for summary judgment and motions in limine at the appropriate time.

In view of Circle's pending motion to dismiss, the parties agree that proceeding with discovery before the motion is resolved would be inefficient and potentially unnecessary. The parties therefore jointly request that discovery be stayed pending resolution of the motion to dismiss. Circle also believes that discovery should be

stayed pending resolution of Circle's motion to vacate the restraining notice because, if the Court vacates the restraining notice, it will necessarily dispose of the case. Plaintiffs disagree because even if the Court vacates the restraining notice, that would relieve Circle only of the obligation to freeze North Korean USDC in the future, but would not retroactively relieve Circle of liability for violating a restraining notice that Circle did not challenge for months after being served with it.

Finally, the parties further agree that, if any claims remain following resolution of the motion(s), they will promptly confer and submit a proposed schedule in compliance with this Court's rules.

Respectfully submitted,

*/s/ Jeremy Shur*
Jeremy Shur
GERSTEIN HARROW LLP
1319 F Street NW, Suite 301
Washington, DC 20004
jeremy@gerstein-harrow.com
(202) 670-4809

*Attorney for Plaintiffs*